IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-531-BO

PENNSYLVANIA NATIONAL )
MUTUAL CASUALTY INSURANCE )
COMPANY )
 )
             Plaintiff, )
 )
v. ) O R D E R
 )
ROBIN HOOD CONTAINER )
EXPRESS, INC., )
 )
             Defendant. )
 )

This matter is before the Court on Pennsylvania National Mutual Casualty Insurance Company's ("Pennsylvania National") Motion for Summary Judgment. For the reasons set forth herein, the Motion is GRANTED.

INTRODUCTION

Pennsylvania National issued a commercial general liability ("CGL") insurance policy to Robin Hood Container Express, Inc., ("RHCE") which became effective on May 1, 2007. RHCE operates a container drop yard on a parcel of real property located at 2176 Milford Street in Charleston, South Carolina, that is part of a Superfund Site under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* The contamination of the site originated from a fertilizer plant operated by the Columbia Nitrogen Company until 1972.

RHCE was joined as a third party defendant in a lawsuit for environmental clean-up costs

at the site under CERCLA. RHCE filed a claim with Pennsylvania National for defense and indemnity of this underlying CERCLA action. Pennsylvania National denied RHCE's claim and brought the instant declaratory judgment action arguing that no duty to defend or indemnify is owed. RHCE answered and alleged that Pennsylvania National denied the claim in bad faith.

Pennsylvania National filed this Motion for Summary Judgment on February 26, 2010. RHCE responded on March 18, 2010. Pennsylvania National replied on April 1, 2010. A hearing was held in Raleigh, North Carolina, on June 7, 2010. The Motion is now ripe for ruling.

## DISCUSSION

A district court should grant summary judgment where there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-223 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material fact, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), however, conclusory allegations and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Rule 56(c) requires the court to enter summary judgment if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

I. Choice of Law

At the outset, this Court must determine the law governing the CGL policy. A federal court exercising diversity of citizenship jurisdiction must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In North Carolina, "[w]ith insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract." *Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428 (2000).

RHCE cites the South Carolina rule that insurance contracts on real property located in South Carolina are governed by South Carolina law. S.C. Code § 38-61-10. But this Court must apply North Carolina's choice of law rules. Because the CGL policy at issue here was negotiated and delivered in North Carolina and provides general liability coverage for a corporation domiciled in North Carolina, North Carolina law shall govern the interpretation of the CGL policy.

## II. Pennsylvania National's Coverage Obligations

Pennsylvania National properly denied RHCE's claim for defense and indemnity under the CGL policy. The interpretation of an insurance contract is a question of law that is an appropriate for summary judgment. *C.D. Spangler Constr. Co. v. Indus. Crankshaft & Eng. Co.*, 326 N.C. 133, 141 (1990); *Guyther v. Nationwide Mut. Fire Ins. Co.*, 109 N.C. App. 506 (1996). North Carolina Courts will enforce an absolute pollution exclusion in an insurance policy. *Home Indem. Co. v. Hoest Celanese Corp.*, 128 N.C. App. 226 (1998).

The CGL policy here contains an absolute pollution exclusion. The policy specifically excludes coverage for "'property damage' arising out of the actual, alleged, or threatened

discharge, dispersal, seepage, migration, release or escape of 'pollutants' ... at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." The term "property damage" is broadly defined to include "physical injury to tangible property, including all resulting loss of use" and "loss of use of tangible property that is not physically injured." And the term "pollutants" is defined to include "any solid, liquid gaseous or thermal irritant or contaminant." Therefore, Pennsylvania National owes no duty to defend or indemnify RHCE in the underlying CERCLA case.

### III. Counter-Claim for Bad Faith

RHCE claims that Pennsylvania National denied RHCE's claim in bad faith. A finding of bad faith is appropriate where the insurer's position is "not based on honest disagreement or innocent mistake." *Dailey v. Integon Gen Ins. Corp.*, 75 N.C. App. 387 (1985); *Olive v. Great Am. Ins. Co.*, 76 N.C. App. 180 (1985). As explained above, Pennsylvania National's denial of coverage was proper. Therefore, RHCE may not maintain a counter-claim for bad faith.

### CONCLUSION

In sum, Pennsylvania National owes no obligation to defend or indemnify RHCE by the terms of the CGL Policy. And Pennsylvania National's denial of coverage was not made in bad faith. Therefore, Pennsylvania National's Motion for Summary Judgment is GRANTED.

SO ORDERED, this __11__ day of June, 2010.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-4-